# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAURIE ALGERIO, individually and on behalf of a Class of similarly situated individuals, | CIVIL ACTION NO. 3:10-CV-111 |
| Plaintiffs, | |
| v. | (JUDGE CAPUTO) |
| THE COUNTY OF PIKE, | |
| Defendant. | |

## MEMORANDUM

Presently before the Court is Defendants' Motion to Dismiss. This Court will grant Defendant's motion in part and deny in part for the reasons discussed more fully below.

## BACKGROUND

On January 18, 2010, Plaintiffs filed this class action complaint against Defendant Pike County alleging that Pike County has had a "blanket policy" or strip-searching all individuals who enter Pike County Jail, regardless of the crime for which they are being charged. (Doc. 1 at ¶ 1.) Plaintiff and class representative Laurie Algerio alleges that she was charged with a misdemeanor offense and was subjected to strip-search in violation of her rights under both the United States and Pennsylvania Constitutions. (*Id.* at ¶ 3.) Plaintiff Algerio also seeks to represent a class of similarly situated individuals who were also allegedly strip-searched in violation of their constitutional rights. (*Id.* at ¶¶ 7-8.)

Plaintiffs' complaint brings claims for unreasonable search and seizure and failure to implement municipal policies to avoid constitutional deprivations in violation of 42 U.S.C. § 1983 (Count I), violations of the Pennsylvania Constitution for unreasonable search and seizure and failure to implement municipal policies to avoid constitutional deprivations

(Count II), and invasion of privacy (Count III). Defendant filed its motion to dismiss on February 7, 2010. (Doc. 9.) Defendant argues that Count II should be dismissed in its entirety because it seeks monetary damages for violations of the Pennsylvania Constitution. Defendant also contends that Count III should be dismissed because Pike County is immune from state tort claims under the Pennsylvania Political Subdivision Tort Claims Act (hereinafter Tort Claims Act). This motion has been fully briefed and is ripe for disposition.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (requiring a complaint to set forth information from which each element of a claim may be inferred). In light of Federal Rule of Civil Procedure 8(a)(2), the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555). "[T]he factual detail in a complaint [must not be] so undeveloped that it does not provide a defendant [with] the type of notice of claim which is contemplated by Rule 8." *Phillips*, 515 F.3d at 232; *see also Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

2

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Id.* The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions,'" *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether a plaintiff is entitled to offer evidence in support of her claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether a plaintiff will ultimately prevail. *See id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

## **DISCUSSION**

**A.     COUNT II- Violations of the Pennsylvania Constitution**

Plaintiff brings a claim for violations of the Pennsylvania Constitution, seeking damages, injunctive relief and declaratory relief. There is no private cause of action for damages arising from violations of the Pennsylvania Constitution. *See Jones v. City of*

3

*Philadelphia*, 890 A.2d 1188, 1215-16 (Pa. Commw. Ct. 2006) (discussing the lack of a cause of action for damages under the Pennsylvania Constitution and declining, "without the benefit of legislative action," to create such a cause of action for violations of the state constitution's prohibition against the use of excessive force). Although monetary relief is unavailable, "other remedies, such as declaratory or injunctive relief . . . are . . . remedies under the Pennsylvania Constitution." *Id.* at 1216.

Plaintiff asks us to reconsider the position that the Pennsylvania Constitution does not support a claim for damages. This Court declines to do so, as it would go against a long and well-settled line of case law arising from *Jones*. However, Defendant's motion seeks to dismiss Count II in its entirety. As noted above, remedies such as declaratory and injunctive relief are available remedies under the Pennsylvania Constitution. Therefore, Count II of the complaint will be dismissed *only* to the extent that it seeks monetary damages for violations of the Pennsylvania Constitution; any claims for injunctive or declaratory relief will survive Defendant's motion to dismiss.

### B. COUNT III - Invasion of Privacy

Count III of the complaint brings a cause of action against Pike County for the state law tort of invasion of privacy. The Pennsylvania Tort Claims Act grants municipalities, municipal agencies, and municipal officers acting in their official capacity immunity from liability for all state law tort claims. *See* 42 PA. CONS. STAT. § 8541, et seq. The state Tort Claims Act has no force when applied to federal claims. *See Wade v. City of Pittsburgh,* 765 F.2d 405, 407 (3d Cir.1985).

There are some exceptions to the grant of governmental immunity under the Tort

4

Claims Act; however, the exceptions listed in 42 PA. CONS. STAT. ANN. § 8542 are inapplicable to the present action.[1] The statute has one more exception, found in 42 PA. CONS. STAT. ANN. § 8550, which says that "where a municipal employee's actions amount to actual malice or willful misconduct, the immunity provisions of the Pennsylvania Political Subdivisions Tort Claims Act shall not apply." *Gonzalez v. City of Bethlehem,* No. 93-1445, 1993 WL 276977, at *4 (E.D. Pa. July 13, 1993). However, Section 8550, applies only to remove the immunity of *individuals. See* 42 PA. CONS. STAT. ANN. § 8550 ("willful misconduct" eliminates individual immunity at §§ 8545, 8546, 8548, and 8549, but *not* agency immunity at § 8541).

In the instant action, Plaintiffs only seek recovery from Pike County, which is a government entity, not an individual. Applying the above principles, the invasion of privacy claim against Pike County is barred by the Tort Claims Act. Therefore, Count III against the County will be dismissed.

## **CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss will be granted in part and denied in part. An appropriate Order follows.

| | |
|---|---|
| March 11, 2010 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |

---

[1] The eight exceptions to governmental immunity are:
1. Vehicle liability
2. Care, custody or control of personal property
3. Real property
4. Trees, traffic controls and street lighting
5. Utility service facilities
6. Streets
7. Sidewalks
8. Care, custody or control of animals.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LAURIE ALGERIO, individually and on behalf of a Class of similarly situated individuals,

    Plaintiffs,

    v.

COUNTY OF PIKE,

    Defendant.

CIVIL ACTION NO. 3:10-CV-111

(JUDGE CAPUTO)

## ORDER

**NOW**, this  11th  day of March, 2010, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss is **GRANTED in part and DENIED in part** as follows**:**

1)     Defendant's motion is **GRANTED** with respect to Count II, to the extent it seeks to dismiss claims for monetary damages.

2)     Defendant's motion is **DENIED** with respect to Count II, to the extent it seeks to dismiss claims for injunctive or declaratory relief.

3)     Defendant's motion is **GRANTED** with respect to Count III.

                                                           /s/ A. Richard Caputo  
                                                           A. Richard Caputo  
                                                           United States District Judge